51 N.Y.2d 894 (1980)
Board of Education, Lakeland Central School District of Shrub Oak, Respondent,
v.
Joseph Barni, as President of the Lakeland Federation of Teachers, Local 1760, American Federation of Teachers, AFL-CIO, Appellant.
Court of Appeals of the State of New York.
Argued October 8, 1980.
Decided November 11, 1980.
Nancy E. Hoffman, James R. Sander and Jeffrey S. Karp for appellant.
Murray Steyer for respondent.
Chief Judge COOKE and Judges JASEN, GABRIELLI, JONES, WACHTLER, FUCHSBERG and MEYER concur.
*895 MEMORANDUM.
The order of the Appellate Division should be reversed, with costs.
The provisions (art XVII, par b) of the collective bargaining agreement set forth certain procedures which the board agreed to follow when a vacancy exists in the district. After having notified the federation of a vacancy, each applicant on the staff was to receive an interview with the vacancy to be filled on the basis of the "experience, competency and qualifications of the applicant * * * and other relevant factors." The grievant alleges that the board failed to follow these procedures.
Section 1 of article XXVII of the agreement defines a grievance as "a complaint by any teacher or group of teachers in the bargaining unit concerning an alleged misinterpretation or misapplication of an express provision of this Agreement." Any unresolved grievance may be submitted to final and binding arbitration by the federation. The grievance filed is clearly a dispute for resolution by the arbitrator and it is not for the courts to interpret the substantive conditions of the contract or to determine the merits of the dispute (Board of Educ. v Barni, 49 N.Y.2d 311; Matter of Wyandanch Union Free School Dist. v Wyandanch Teachers Assn., 48 N.Y.2d 669).
Nor should arbitration be stayed merely because the requested remedy, if granted, runs the risk of resulting in an *896 impermissible assumption of the board's supervisory responsibility, or, as is contended in this case, because it is feared that the arbitrator's judgment would be improperly substituted for the subjective determination of an applicant's qualification which is vested in the discretion of the superintendent (Matter of Port Washington Union Free School Dist. v Port Washington Teachers Assn., 45 N.Y.2d 411).
Order reversed, with costs, the demand for arbitration reinstated and the application for a stay of arbitration denied in a memorandum.