OPINION OF THE COURT
Memorandum.
The order of the Appellate Division should be affirmed, with costs.
Since it does not appear from this record that Stillwater raised the one-year contractual Statute of Limitations defense in a motion to stay arbitration or before the arbitrators, it was waived (CPLR 7502, subd [b]; 7503). In any event, since compliance with the contractual period of limitation, if it were raised, would have been a question for the arbitrators (Matter of County of Rockland [Primiano Constr. Co.], 51 NY2d 1, 9, n 2), the point would fall to the rule that an error of law committed by the arbitrator is an insufficient basis to vacate an award (see Matter of Granite Worsted Mills [Aaronson Cowen, Ltd.], 25 NY2d 451, 454-455).
As to the argument that the counterclaims were so vaguely described that Stillwater was unable to ascertain the subject matter of the dispute, this issue has not been preserved. It simply was that the scope of the arbitration was limited to the three contracts which were the basis for the institution of the arbitration.
*627 Finally, as to the assertion that the award left it uncertain whether Tilbury had been awarded consequential damages, suffice it to say that “the mere possibility” that such damages, award of which was expressly prohibited by the contract, indeed were included, is not enough to permit the award to be disturbed (Matter of Granite Worsted Mills [Aaronson Cowen, Ltd.], supra, at pp 455-456).
Chief Judge Cooke and Judges Jasen, Gabrielli, Jones, Wachtler and Fuchsberg concur; Judge Meyer taking no part.
Order affirmed, with costs, in a memorandum.