■ In the Matter of MANHATTAN AND BRONX SURFACE TRANSIT OPERATING AUTHORITY, Respondent, v TRANSPORT WORKERS UNION OF AMERICA et al., Appellants.—In a proceeding pursuant to CPLR 7511 to vacate so much of an arbitrator's award dated November 28, 1989, as, after a hearing, directed the conditional reinstatement of an employee of the petitioner, in which the appellants cross-petitioned to confirm the award, the appeal is from an order and judgment (one paper) of the Supreme Court, Kings County (Ramirez, J.), dated March 16, 1990, which granted the application, and denied the appellants' cross petition to confirm the award.

Ordered that the order and judgment is affirmed, with costs.

The petitioner's employee was charged in a disciplinary proceeding with "unauthorized hand collection" after a police officer observed him open an exit gate at a closed end of a subway station and begin collecting tokens by hand from passengers as he let them through the gate. Following disciplinary proceedings, the employee was dismissed. Pursuant to the terms of a collective bargaining agreement, the employee's

union sought arbitration. The arbitrator reinstated the employee and imposed a lesser penalty. The petitioner brought this proceeding to vacate that portion of the award which reinstated the employee on the ground that the arbitrator had exceeded his authority. The court granted the petition, and we now affirm.

An arbitration award may not be vacated unless it violates a strong public policy, is irrational, or clearly exceeds a specifically enumerated limitation on the arbitrator's power *(see, Matter of Board of Educ. v Arlington Teachers Assn.,* 78 NY2d 33, 37; *Matter of Town of Callicoon [Civil Serv. Employees Assn.],* 70 NY2d 907, 909; *Matter of State Univ. v Young,* 170 AD2d 510). Here the collective bargaining agreement provided that, if a charge involving theft were presented to an arbitrator, and the arbitrator sustained the charge, "then the action by the Operating Authority based thereon shall be affirmed and sustained by the Impartial Arbitrator". We agree with the Supreme Court that, since the arbitrator sustained the charge, he exceeded his authority by modifying the penalty of dismissal imposed by the petitioner, and imposing a lesser penalty. Mangano, P. J., Lawrence, Eiber and Miller, JJ., concur.