■ In the Matter of TOWN OF NEWBURGH, Appellant, v CIVIL SERVICE EMPLOYEES ASSOCIATION, INC., Respondent. [611 NYS2d 899] —In a proceeding pursuant to CPLR 7511 to vacate so much of an arbitrator's award dated November 25, 1991, as, after a hearing, directed the petitioner to raise the salary of incumbent typist employees to a salary rate established by the new hire salary rate, in which the respondent cross-petitioned to confirm the award, the appeal is from a judgment of the Supreme Court, Orange County (Peter C. Patsalos, J.), dated April 20, 1992, which, upon a decision and order of the same court dated February 20, 1992, *inter alia,* denied the petition, confirmed the award, and awarded costs in the amount of $200 to the Civil Service Employees Association.

Ordered that the judgment is modified, on the law, by (1) deleting from the first decretal paragraph the words "in all

respects" and substituting therefor the words "granted to the extent that the third paragraph of the arbitration award dated November 25, 1991, increasing the salaries of incumbent typists, effective November 28, 1990, to the annual rate of $16,700, and providing for an adjustment of all contractually mandated increases subsequent thereto, is vacated, and in all other respects the petition is", (2) deleting from the second decretal paragraph thereof the provision confirming the arbitration award and substituting therefor a provision confirming the first and second paragraphs of the award, (3) vacating the third decretal paragraph thereof, and (4) adding thereto a decretal paragraph remitting the matter to the arbitrator, Herbert L. Haber, to make a modified award fixing an appropriate remedy within the limiting language of the collective bargaining agreement in accordance herewith; as so modified, the judgment is affirmed, with costs to the petitioner; and it is further,

Ordered that the order dated February 20, 1992, is amended accordingly.

The petitioner's employee transferred from the Justice Court to the Town Clerk's office to begin working as a Records Management Officer, an unclassified position. The employee was temporarily assigned to the classification of "typist", pending approval of a new job classification description for the position of Records Management Officer. The employee was compensated at an hourly salary rate higher than the incumbent typists in that class. Pursuant to the terms of a collective bargaining agreement, the respondent sought arbitration for the petitioner's violation of the agreement providing for a raise in incumbent employees' salaries whenever the Town hires a full time employee at a higher salary rate than the existing lowest paid salary for the title. The arbitrator held the petitioner violated the agreement and imposed a penalty in excess of the penalty provided by the agreement. The petitioner brought this proceeding to vacate that portion of the award which raised the incumbent typists' salaries to an annual salary of $16,700 and imposed additional contractually mandated increases, on the grounds that the grievance was not timely filed and that the arbitrator exceeded his authority. The respondent cross-petitioned to confirm the arbitrator's award. The court denied the petition and granted the cross-petition, and we now modify.

With respect to the issue of timeliness of the filing of the grievance, compliance with the contractual period of limitation for the commencement of an arbitration proceeding is

procedural in nature, and is a question exclusively determined by the arbitrator, not the courts (see, *Matter of Tilbury Fabrics v Stillwater, Inc.*, 56 NY2d 624; *Matter of County of Rockland [Primiano Constr. Co.]*, 51 NY2d 1; *Matter of Board of Educ. [Wager Constr. Corp.]*, 37 NY2d 283; *Matter of City School Dist. of City of Poughkeepsie [Poughkeepsie Pub. School Teachers Assn.]*, 35 NY2d 599; *Futterman Indus. v Imptex Intl. Corp.*, 146 AD2d 520).

In addition, where, as here, the claimant has failed to demonstrate any prejudice as a result of the alleged untimeliness, the timeliness of the filing of the grievance was properly confirmed since it was not irrational (see, *Matter of Rockland Community Coll. Fedn. of Teachers v Board of Trustees*, 142 AD2d 732).

Turning now to the issue of whether the arbitrator exceeded his authority by modifying the penalty imposed by the agreement, we note that here, the agreement is not silent on the remedy for a breach. Accordingly, an arbitrator is not free to fashion a remedy outside the scope of the limiting language of the agreement (see, *Matter of Manhattan & Bronx Surface Tr. Operating Auth. v Transport Workers Union*, 180 AD2d 798).

In the case of *Matter of Diaz v Pilgrim State Psychiatric Ctr.* (62 NY2d 693, 695), the Court of Appeals held "an award may not be vacated unless violative of public policy or wholly irrational".

Despite the limitation of judicial review of an arbitrator's award, the Court of Appeals has recognized "contractual limitations on an arbitrator's otherwise almost untrammeled discretion to determine a dispute and fix a remedy" (*Matter of Town of Callicoon [Civil Serv. Empls. Assn.]*, 126 AD2d 45, 48; see also, *Matter of Local 345 of Retail Store Empls. Union [Heinrick Motors]*, 63 NY2d 985). If an arbitrator "clearly exceeds a specifically enumerated limitation" on his or her power, the award may be vacated (*Matter of Manhattan & Bronx Surface Tr. Operating Auth. v Transport Workers Union, supra*, at 799; CPLR 7511 [b] [1]). However, such limitation must be specifically set forth within the arbitration clause (see, *Matter of Board of Educ. v Dover-Wingdale Teachers' Assn.*, 61 NY2d 913; *Matter of Silverman [Benmor Coats]*, 61 NY2d 299).

Here, the Collective Bargaining Agreement enumerated the remedy for a breach of the "new hire salary rate" clause as "lower paid incumbent full time employees shall be raised to the new hire salary rate established by the Town". Insofar as

the agreement was not silent on the remedy for a breach, the arbitrator was not free to fashion a remedy outside of the scope of the limiting language of the agreement *(see, Matter of Manhattan & Bronx Surface Tr. Operating Auth. v Transport Workers Union,* 180 AD2d 798, *supra).*

Accordingly, the judgment is modified and the matter is remitted for a modified award fixing the remedy within the scope of the agreement (1) by increasing incumbent typist salaries to the higher hourly salary rate, *i.e.,* $8.9595, (2) by deleting that portion of the award providing for an adjustment of "all contractually mandated increases subsequent thereto", and (3) by limiting the period of time the higher salary rate shall apply to the period of time within which the grievance occurred, *i.e.,* from the date of the filing of the grievance until the date the "new hire" employee was appointed to the RMO classification *(see, Rosen Trust v Rosen,* 53 AD2d 342, *affd* 43 NY2d 693; *East Ramapo Cent. School Dist. v East Ramapo Teachers Assn.,* 108 AD2d 717).

We have reviewed the party's remaining contentions and find them to be without merit. Balletta, J. P., Copertino, Hart and Krausman, JJ., concur.