■ In the Matter of the Arbitration between BOARD OF EDUCATION OF THE ONEONTA CITY SCHOOL DISTRICT, Appellant, and ANTHONY MOORE et al., Respondents. [646 NYS2d 202] —White, J. Appeal from an order of the Supreme Court (Ingraham, J.), entered November 7, 1995 in Otsego County, which denied petitioner's application pursuant to CPLR 7511 to vacate an arbitration award.

This appeal involves a dispute arising out of the three-step grievance procedure contained in the collective bargaining agreement (hereinafter agreement) between petitioner and respondent Oneonta City School District Unit of the Otsego County Local 839 of the Civil Service Employees Association, Inc. (hereinafter CSEA). At issue is a grievance filed by respondent Anthony Moore, a custodial worker employed by petitioner who was assigned to the Valleyview Elementary School on the 2:30 P.M. to 11:30 P.M. shift. On May 3, 1994, Moore was advised by petitioner's Superintendent of Buildings and Grounds that he was going to be transferred to another custodial position effective June 27, 1994. On June 16, 1994, Moore was told that his new assignment would be at the high school on the 11:00 P.M. to 7:00 A.M. shift. Moore commenced his new assignment on June 27, 1994 but, because he was dissatisfied with it, filed a grievance on July 25, 1994 after informal attempts to resolve it proved fruitless. The grievance was denied at both steps one and two, the latter by memorandum dated August 15, 1994. On September 2, 1994, CSEA's labor specialist wrote petitioner to advise it of CSEA's intention "to move the Tony Moore grievance to arbitration". CSEA made a demand for arbitration on September 16, 1994 and the parties formally moved the grievance to arbitration.

The initial arbitration hearing on February 9, 1995 was devoted exclusively to petitioner's claim, raised for the first time in a letter dated February 7, 1995, that the grievance was

barred by respondents' failure to comply with certain time limitations governing the grievance procedure. Specifically, petitioner contended that Moore failed to submit his grievance within 30 days of June 16, 1994 when he knew or should have known of petitioner's intention to transfer him to the high school[1] and that CSEA did not refer the grievance to arbitration within 15 days after it received the step two determination.[2] The arbitrator rejected these arguments and his award determined that the grievance is not time barred and is arbitrable on its merits. Petitioner then commenced this proceeding pursuant to CPLR 7511 to vacate the arbitration award. Supreme Court denied the application, prompting this appeal. For the reasons that follow, we affirm.

As the agreement does not make compliance with its contractual time provisions a condition precedent to arbitration, compliance therewith is a question exclusively within the province of the arbitrator (*see, Matter of Policemen's Benevolent Assn. v Rosenthal*, 207 AD2d 492; *Matter of Town of Newburgh v Civil Serv. Empls. Assn.*, 204 AD2d 464, 465-466, *lv denied* 84 NY2d 809). Thus, because the arbitrator was authorized to resolve the instant dispute, our review is limited as we may set aside an award only if it is completely irrational (*see, Rochester City School Dist. v Rochester Teachers Assn.*, 41 NY2d 578, 582). In making this determination, we are mindful that, absent a provision in the arbitration clause, arbitrators are not bound by principles of substantive law and rules of evidence; instead, they may do justice as they see it, applying their own sense of law and equity to the facts as they find them to be and making an award reflecting the spirit rather than the letter of the agreement (*see, Matter of Silverman [Benmor Coats]*, 61 NY2d 299, 308).

With respect to Moore's filing of the initial grievance on July 25, 1994, the arbitrator found that it was timely as it was filed within 28 days after he commenced his new assignment. The arbitrator reasoned that, until Moore started his new job, it would have been premature to file a grievance since many things could have happened that would have changed petitioner's intention to reassign him. Further, a formal grievance was

---

1. This argument is based upon article III, paragraph 3 (A) of the agreement which reads: "A grievance shall be deemed waived unless it is submitted within thirty (30) days after the aggrieved party knew or should have known of the events or conditions on which it is based."

2. Article III, paragraph 4 (C) of the agreement provides in pertinent part: "In the event [CSEA] is not satisfied with the [step two] determination * * *, it may, within fifteen (15) days after receiving the [determination], refer the grievance to arbitration."

not in order while the parties were, in accordance with the agreement, attempting to resolve it informally. We find that these reasons provide a rational basis for the arbitrator's determination on this point.

On the second issue, the arbitrator's determination that CSEA's demand for arbitration was timely rests on several points. Among them, there is no proof establishing when, if ever, the step two determination was served upon CSEA, which the arbitrator stated "cast a cloud on the necessity for precise procedural compliance by [CSEA]"; the grievance would appear to be a continuing one which meant that a ruling on the present grievance was procedurally barred would only result in a new grievance being filed; and, most importantly to the arbitrator, petitioner waived its timeliness objections by not raising them until the arbitration proceeding.

Petitioner faults this aspect of the arbitrator's determination because it claims that it disregards the plain language of the agreement. Assuming that it does, this does not vitiate it unless it is totally irrational or violates a strong public policy (*see, Hackett v Milbank, Tweed, Hadley & McCloy*, 86 NY2d 146, 155). Inasmuch as the foregoing rationale is fully supported in the record, we cannot say that the arbitrator's determination of this issue was totally irrational. Further, it reflects the spirit of the agreement that disputes thereunder be resolved through the grievance procedure.

Cardona, P. J., Mercure, Casey and Peters, JJ., concur. Ordered that the order is affirmed, with costs.