■ In the Matter of NEW YORK CITY TRANSIT AUTHORITY, Respondent, v TRANSPORT WORKERS UNION OF AMERICA et al., Appellants. [657 NYS2d 442] —In a proceeding pursuant to CPLR 7511 to vacate so much of an arbitration award dated August 28, 1995, as, after a hearing, modified the penalty imposed by the petitioner upon an employee from a dismissal to a suspension, the appeal is from an order of the Supreme Court, Kings County (Jackson, J.), dated April 19, 1996, which granted the petition.

Ordered that the order is affirmed, with costs.

The petitioner charged one of its employees with assaulting another employee and imposed the penalty of dismissal. The employee's grievance was ultimately heard by the Tripartite Arbitration Board (hereinafter the Board), which denied the grievance, but reduced the penalty imposed to a suspension. The Supreme Court granted the petitioner's application to vacate that portion of the award which modified the penalty on the ground that the Board exceeded its power. We affirm.

An arbitration award may not be vacated unless it violates a strong public policy, is irrational, or clearly exceeds a specific limitation on the arbitrator's power *(see, Matter of Town of Callicoon [Civil Serv. Empls. Assn.],* 70 NY2d 907, 909; *Matter of Manhattan & Bronx Surface Tr. Operating Auth. v Transport Workers Union,* 180 AD2d 798, 799). The parties' collective bargaining agreement specifically provided that where the Board sustains a charge involving assault, the penalty imposed by the petitioner must be affirmed except in two circumstances which are inapplicable here. Since the Board sustained the assault charge, it had no authority to modify the penalty of dismissal. Therefore, the Supreme Court properly granted the petition to vacate that portion of the award *(see,* CPLR 7511 [b] [1] [iii]; *Matter of Manhattan & Bronx Surface Tr. Operating Auth. v Transport Workers Union, supra).* Mangano, P. J., Rosenblatt, Santucci and Joy, JJ., concur.