■ In the Matter of NEW YORK CITY TRANSIT AUTHORITY, Respondent, v TRANSPORT WORKERS' UNION OF AMERICA, LOCAL 100, AFL-CIO, et al., Appellants. [761 NYS2d 678] —In a proceeding pursuant to CPLR article 75 to vacate so much of an arbitration award dated February 16, 2001, as, after a hearing, reduced the penalty the petitioner imposed upon an employee from a dismissal to a time-served suspension, the appeal is from a judgment of the Supreme Court, Kings County (Knipel, J.), entered September 21, 2001, which granted the petition and restored the original penalty. Justice Feuerstein has been substituted for the late Justice O'Brien (*see* 22 NYCRR 670.1 [c]).

Ordered that the judgment is affirmed, with costs.

An employee of the petitioner, New York City Transit Authority (hereinafter the TA), was suspended in contemplation of dismissal on charges of assaulting a passenger on a subway train he was operating. The TA dismissed the employee, and the employee filed a grievance that was ultimately heard by the Tripartite Arbitration Board (hereinafter the Board). The Board denied the grievance and sustained the charges, but reduced the penalty imposed by the petitioner from dismissal to a time-served suspension, stating in a conclusory manner that the employee had a good disciplinary record. The Supreme Court granted the petition brought by the TA to vacate that portion of the award which modified the penalty, finding that in doing so, the Board exceeded its power under the collective bargaining agreement and violated public policy. We affirm.

It is well settled that an arbitration award may not be vacated unless it is violative of a strong public policy, is irrational, or clearly exceeds a specific limitation on an arbitrator's power (*see Matter of Town of Callicoon [Civil Serv. Empls. Assn., Town of Callicoon Unit],* 70 NY2d 907, 909 [1987]; *Matter of City of Newburgh v Police Benevolent Assn. of Newburgh,* 272 AD2d 326 [2000]; *Matter of Manhattan & Bronx Surface*

*Tr. Operating Auth. v Transport Workers Union of Am.,* 180 AD2d 798, 799 [1992]; *see also* CPLR 7511 [b] [1] [iii]). The parties' collective bargaining agreement specifically provided that where the Board sustains a charge involving assault, the penalty imposed by the petitioner must be affirmed unless "there is presented to the [B]oard credible evidence that the action by the [TA] is clearly excessive in light of the employee's record and past precedent in similar cases." In this instance, no proof that the action by the TA was clearly excessive was presented to the Board. Therefore, its reliance upon the exceptions was irrational and cannot be sustained. Since the Board sustained the assault charge, it had no authority to modify the penalty of dismissal. Therefore, the Supreme Court properly granted the petition to vacate that portion of the award (*see* CPLR 7511 [b] [1] [iii]; *Matter of Manhattan & Bronx Surface Tr. Operating Auth. v Transport Workers Union of Am., supra*). Florio, J.P., Feuerstein, McGinity and H. Miller, JJ., concur.