[924 NE2d 797, 897 NYS2d 689]

In the Matter of NEW YORK CITY TRANSIT AUTHORITY, Respondent, v TRANSPORT WORKERS UNION OF AMERICA, LOCAL 100, et al., Appellants.

Argued January 5, 2010; decided February 18, 2010

## POINTS OF COUNSEL

*Gladstein, Reif & Meginniss, LLP,* New York City (*Beth M. Margolis* of counsel), for appellants. I. The court below improperly substituted its judgment for that of the arbitrator. (*Matter of Sprinzen [Nomberg],* 46 NY2d 623; *Matter of Associated Teachers of Huntington v Board of Educ., Union Free School Dist. No. 3, Town of Huntington,* 33 NY2d 229; *Matter of Silverman [Benmor Coats],* 61 NY2d 299; *Matter of Dowleyne v New York City Tr. Auth.,* 3 NY3d 633; *Matter of United Fedn. of Teachers, Local 2, AFT, AFL-CIO v Board of Educ. of City School Dist. of City of N.Y.,* 1 NY3d 72; *Matter of New York State Correctional Officers & Police Benevolent Assn. v State of New York,* 94 NY2d 321; *Matter of Local Div. 1179, Amalgamated Tr. Union, AFL-CIO [Green Bus Lines],* 50 NY2d 1007; *Steelworkers v Warrior & Gulf Nav. Co.,* 363 US 574; *Matter of Board of Educ. of Watertown City School Dist. [Watertown Educ. Assn.],* 93 NY2d 132; *Wien & Malkin LLP v Helmsley-Spear, Inc.,* 6 NY3d 471.) II. There is no basis for finding that the decision of the arbitrator was irrational. (*Matter of Silverman [Benmor Coats],* 61 NY2d 299; *Matter of Peckerman v D & D Assoc.,* 165 AD2d 289; *Matter of Sprinzen [Nomberg],* 46 NY2d 623; *Matter of Local 333, United Mar. Div., Intl. Longshoreman's Assn., AFL-CIO v New York City Dept. of Transp.,* 35 AD3d 211; *Matter of Campbell v New York City Tr. Auth.,* 32 AD3d 350.)

*Office of the General Counsel, New York City Transit Authority,* Brooklyn (*Baimusa Kamara* and *Richard Schoolman* of counsel), for respondent. I. The Appellate Division did not substitute its judgment for that of the arbitrator but correctly affirmed vacatur of the arbitration award because the arbitrator had exceeded his power under the agreement between the New York City Transit Authority and Transport Workers Union of America, Local 100. (*Matter of Town of Callicoon [Civil Serv. Empls. Assn., Town of Callicoon Unit]*, 70 NY2d 907; *Matter of Local 345 of Retail Store Empls. Union [Heinrich Motors]*, 63 NY2d 985; *Matter of Manhattan & Bronx Surface Tr. Operating Auth. [Transport Workers Union of Am., AFL-CIO, Local 100]*, 227 AD2d 995; *Matter of New York City Tr. Auth. v Patrolmen's Benevolent Assn. of N.Y. City Tr. Police Dept.*, 129 AD2d 708; *Matter of Board of Educ. of N. Babylon Union Free School Dist. v North Babylon Teachers' Org.*, 104 AD2d 594; *Matter of Silverman [Benmor Coats]*, 61 NY2d 299; *Matter of Local Union 1566, Intl. Bhd. of Elec. Workers, AFL-CIO v Orange & Rockland Util.*, 126 AD2d 547; *Matter of Dowleyne v New York City Tr. Auth.*, 3 NY3d 633; *Matter of United Fedn. of Teachers, Local 2, AFT, AFL-CIO v Board of Educ. of City School Dist. of City of N.Y.*, 1 NY3d 72; *Matter of New York State Correctional Officers & Police Benevolent Assn. v State of New York*, 94 NY2d 321.) II. Appellants' confusion about the statutory grounds for which an arbitration award can be vacated does not support reversal. (*Pavilion Cent. School Dist. v Pavilion Faculty Assn.*, 51 AD2d 119; *Rochester City School Dist. v Rochester Teachers Assn.*, 41 NY2d 578; *Matter of Local 342 v Town of Huntington*, 52 AD3d 720.)

*James R. Sandner,* Latham, *Richard E. Casagrande* and *Marilyn Raskin-Ortiz* for New York State United Teachers, amicus curiae. I. The decision of the court below should be reversed because it contravenes well-settled New York State law and policy that calls for deference toward arbitral decisions. (*Steelworkers v Warrior & Gulf Nav. Co.*, 363 US 574; *Steelworkers v Enterprise Wheel & Car Corp.*, 363 US 593; *Matter of Town of Haverstraw [Rockland County Patrolmen's Benevolent Assn.]*, 65 NY2d 677; *Matter of Associated Teachers of Huntington v Board of Educ., Union Free School Dist. No. 3, Town of Huntington*, 33 NY2d 229; *Matter of Henneberry v ING Capital Advisors, LLC*, 10 NY3d 278; *Paperworkers v Misco, Inc.*, 484 US 29; *Matter of United Fedn. of Teachers, Local 2, AFT, AFL-CIO v Board of Educ. of City School Dist. of City of N.Y.*, 1 NY3d 72; *Matter of New York State Correctional Officers & Police*

*Benevolent Assn. v State of New York,* 94 NY2d 321; *Central Sq. Teachers Assn. v Board of Educ. of Cent. Sq. Cent. School Dist.,* 52 NY2d 918; *Rochester City School Dist. v Rochester Teachers Assn.,* 41 NY2d 578.) II. The decision of the court below should be reversed because it undermines the public policy of promoting arbitral resolution of public sector labor disputes.

### OPINION OF THE COURT

Chief Judge LIPPMAN.

The New York City Transit Authority (Transit Authority) sought to terminate an employee in connection with allegations that the employee assaulted a member of the public on a subway platform. Pursuant to the grievance procedures of the collective bargaining agreement (CBA) entered into by the Transit Authority and the employee's union, Transport Workers Union of America, Local 100 (TWU), the matter was ultimately referred to an arbitrator. The arbitrator modified the penalty the Transit Authority sought to impose, and we are asked to determine whether the arbitrator's award must be vacated on the ground that the arbitrator exceeded the power given to him by the CBA. We conclude that the arbitrator did not exceed his power.

The Transit Authority employee involved has been employed as a conductor since 1985. On April 14, 2006, the employee had a heated exchange with a member of the public regarding the availability of express train service on a particular subway train line. According to the arbitrator's factual findings, during the course of this dialogue, "not without some provocation from the complainant," the employee "forcefully 'laid hands' on the complainant." The parties on this appeal do not dispute the arbitrator's finding that the employee assaulted a Transit Authority customer.

That an assault was involved in the underlying grievance affects the arbitrator's task under the CBA. Article II, § 2.1 (C) (19) (c) of the CBA provides, in relevant part:

> "If there is presented to the [arbitrator] for decision any charge which, if proved in Court, would constitute a felony, or any charge involving assault, . . . the question to be determined by the [arbitrator] shall be with respect to the fact of such conduct. Where such charge is sustained by the [arbitrator], the action by the Authority, based thereon, shall be

affirmed and sustained by the [arbitrator] except if there is presented to the [arbitrator] credible evidence that the action by the Authority is clearly excessive in light of the employee's record and past precedent in similar cases. It is understood by the parties that this exception will be used rarely and only to prevent a clear injustice."

As his written opinion demonstrates, the arbitrator plainly understood that article II, § 2.1 (C) (19) (c) applied given the nature of the allegations against the Transit Authority employee. The arbitrator explained that the Transit Authority presented to him as "past precedent" five prior arbitration awards where other arbitrators had upheld termination decisions, and he discussed each of those matters in his written opinion. The arbitrator also discussed the record of the employee before him whom the Transit Authority sought to terminate. At the close of his five-page opinion, the arbitrator concluded: "I find the substantive differences between this case, and those relied upon by the Authority as 'precedent' render the [employee] worthy of the 'exception', regarding which arbitrators have judgmental discretion under the Agreement provision cited [above]." Based on this finding, the arbitrator modified the employee's penalty from termination to reinstatement without back pay.

The Transit Authority then commenced this CPLR article 75 proceeding seeking to vacate the arbitration award. Supreme Court concluded, inter alia, that the arbitrator had exceeded his power in modifying the penalty and granted the Transit Authority's petition. The Appellate Division affirmed, with two Justices dissenting (60 AD3d 1 [2d Dept 2008]). This appeal as of right, pursuant to CPLR 5601 (a), followed.

Of the three "narrow grounds" that may form the basis for vacating an arbitrator's award—that it violates public policy, is irrational, or "clearly exceeds a specifically enumerated limitation on the arbitrator's power" (*Matter of United Fedn. of Teachers, Local 2, AFT, AFL-CIO v Board of Educ. of City School Dist. of City of N.Y.*, 1 NY3d 72, 79 [2003], quoting *Matter of Board of Educ. of Arlington Cent. School Dist. v Arlington Teachers Assn.*, 78 NY2d 33, 37 [1991])—only the last is argued on this appeal (*see* CPLR 7511 [b] [1] [iii]). The Transit Authority argues that the arbitrator exceeded his power because the "past precedent" prong of the article II, § 2.1 (C) (19) (c) exception was not met, thus the prerequisites necessary for the arbitrator to exercise discretion under that provision were not

satisfied. The Transit Authority notes that the arbitrator distinguished each of the precedential awards it submitted to him and TWU's submissions did not include any "past precedent"; thus, it posits, there was no "past precedent in similar cases" for the arbitrator to rely on in concluding that termination was a "clearly excessive" action by the Transit Authority warranting a modification pursuant to the exception. The courts below agreed with the Transit Authority. We do not.

The Transit Authority's view overlooks the settled law in New York that it is "not for the courts to interpret the substantive conditions of the contract or to determine the merits of the dispute" (*Matter of United Fedn. of Teachers*, 1 NY3d at 82-83, quoting *Board of Educ., Lakeland Cent. School Dist. of Shrub Oak v Barni*, 51 NY2d 894, 895 [1980]; *see* CPLR 7501 ["In determining any matter arising under this article, the court shall not consider whether the claim with respect to which arbitration is sought is tenable, or otherwise pass upon the merits of the dispute"]). Under the subject provision of the CBA, after an arbitrator in a case involving assault allegations determines as a matter of fact that an assault did occur, the applicability of the provision's exception is a question uniquely within the arbitrator's power to decide. Of course, the CBA provides that the arbitrator in making that decision is to be guided by "past precedent" and the employee's record, but it is certainly not the role of the courts to chart a course as to how the arbitrator is to apply "past precedent" or to determine if the arbitrator strayed from the best route in the guise of declaring that he exceeded his power (*see Matter of Board of Educ. of Watertown City School Dist. [Watertown Educ. Assn.]*, 93 NY2d 132, 143 [1999] ["While some case records contain enough information for a court to make a penetrating analysis of the scope of the substantive provisions of the CBA, an undertaking of that kind is not the function of the court"]). Under the CBA, the arbitrator had the power to decide if the exception applied. Thus, vacating the arbitrator's award on the ground asserted by the Transit Authority would not involve a determination that he exceeded his power; rather, it would entail the kind of "inapt flirtation with the merits, or . . . inappropriate use of the judicial scalpel to split the hairs that mark the perimeters of the contractual provisions" that "[h]istory, legislation, and experience," not to mention our case law, dictate that we refrain from (*id.*).

Here, article II, § 2.1 (C) (19) (c) of the CBA required the arbitrator to first determine whether an assault occurred. If an

assault did occur, the arbitrator was then to sustain the Transit Authority's action unless an application of the arbitrator's discretion was warranted under the provision's exception. Having found that an assault occurred, whether an application of the exception was warranted was the very question submitted to arbitration under the CBA, and the arbitrator here concluded that the exception applied. Even when such "interpretations and factual findings appear highly debatable"—and we make no comment here on the merits of the arbitrator's decision in this matter—"whether we agree with the arbitrator is beside the point" (*Matter of United Fedn. of Teachers*, 1 NY3d at 83).

The Appellate Division majority was correct in describing the CBA as a "direction to the arbitrator that reflects both the TWU's and the TA's intent that once an assault charge is sustained, the TA-imposed penalty must be upheld except in rare cases" (60 AD3d at 8). But, it was the arbitrator who was empowered to make the determination as to whether the matter submitted was one of those rare cases.

Accordingly, the order of the Appellate Division should be reversed, with costs, and the petition dismissed.

SMITH, J. (dissenting). As I see it, this case turns on what standard of review applies. When an arbitrator interprets an ordinary term in a contract, a court may overturn his decision only if it is irrational, or contrary to public policy; if this were the standard of review here, I would agree with the majority that the arbitrator's award should be upheld. But the contract clause now in issue is an express limitation on the arbitrator's power. In such a case, under our precedents, the arbitrator's ruling is reviewable for clear error, and I believe he clearly erred.

CPLR 7511 (b) (1) (iii) says that an arbitrator's award "shall be vacated" if the arbitrator "exceeded his power." This means, we have often said, that an award that "clearly exceeds a specifically enumerated limitation on the arbitrator's power" must be set aside (*e.g. Matter of Henneberry v ING Capital Advisors, LLC*, 10 NY3d 278, 284 [2008], quoting *Matter of New York City Tr. Auth. v Transport Workers' Union of Am., Local 100, AFL-CIO*, 6 NY3d 332, 336 [2005]). The clause at issue here is just such a "specifically enumerated limitation." It is part of the section of the agreement dealing with arbitration, and says that, where a "charge involving assault" has been substantiated, the Authority's disciplinary action "shall be affirmed and

sustained by the [arbitrator]" in the absence of "credible evidence that the action by the Authority is clearly excessive in light of the employee's record and past precedent in similar cases." Thus, while as a general matter the parties to an arbitration agreement put themselves very largely at the arbitrator's mercy, the parties here sought not to do that, but to disable the arbitrator from rejecting the penalty imposed by the Authority for an assault, in the absence of the extraordinary circumstances the agreement describes.

The question before us is whether the award the arbitrator rendered "clearly exceeds" the agreement's limitation on his power. I conclude that it does. The "employee's record" shows that he had previously been suspended for "a customer altercation." This was 15 years before the incident now in question, but the Authority could surely find that repeated fights with customers, even once a decade, are unacceptable; most of its employees no doubt avoid such incidents for their whole careers. And no "past precedent in similar cases" imposing a punishment less severe than dismissal was shown to exist. The best the employee could do was to look for distinctions—sometimes rather thin ones—between this case and the many others in which the Authority dismissed employees who assaulted customers. The arbitrator was clearly wrong to find that the Authority's punishment of this employee was "clearly excessive in light of the employee's record and past precedent in similar cases."

Because the arbitrator exceeded a limitation that the parties placed on his power, I would affirm the Appellate Division's order vacating the award.

Judges CIPARICK, GRAFFEO, PIGOTT and JONES concur with Chief Judge LIPPMAN; Judge SMITH dissents and votes to affirm in a separate opinion in which Judge READ concurs.

Order reversed, etc.