Matter of Middleton v New York City Tr. Auth.

2026 NY Slip Op 02455

April 23, 2026

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This decision is uncorrected and subject to revision before publication in the Official Reports.

In the Matter of Cashay S. Middleton et al., Petitioners-Appellants,

v

New York City Transit Authority, Respondent-Respondent.

Decided and Entered: April 23, 2026

Index No. 656352/23|Appeal No. 6440|Case No. 2024-06791|

Before: Scarpulla, J.P., Friedman, Gesmer, Shulman, Chan, JJ.

Advocates for Justice, Chartered Attorneys, New York (Richard Soto of counsel), for appellants.

David I. Farber, Brooklyn (Robert K. Drinan of counsel), for respondent.

[*1]

Order, Supreme Court, New York County (Shahabuddeen Abid Ally, J.), entered on or about October 1, 2024, which denied the petition to confirm an arbitration award, granted respondent New York City Transit Authority's cross-motion to vacate the award, and remitted the matter to a different arbitrator for further determination, unanimously reversed, on the law, without costs, the arbitration award reinstated, the cross-motion denied, and the petition granted.

Supreme Court improperly vacated the arbitration award as violative of public policy (see CPLR 7511[b][1]; Denson v Donald J. Trump for President, Inc., 180 AD3d 446, 450 [1st Dept 2020]). The arbitrator issued a reasoned decision acknowledging the limits of his authority under both the applicable regulations and the collective bargaining agreement (see Matter of New York City Tr. Auth. v Transport Workers Union of Am., Local 100, 14 NY3d 119, 124-125 [2010]). As in Matter of Dowleyne v New York City Tr. Auth. (309 AD2d 583 [1st Dept 2003], revd 3 NY3d 633 [2004]), the arbitrator properly reviewed the process by which the Medical Review Officer (MRO) came to his conclusion (see 49 CFR 40.209; see also 40.149[a][5]), not the substantive medical determination of the MRO (see 49 CFR 40.149[c]). The arbitrator found the inexperienced MRO was improperly influenced by the Designated Employer Representative, who was not permitted to act. The improper influence included urging the MRO to rescind his determination, after the MRO canceled the initial "refusal" drug test result (see 49 CFR 40.193[d][1][i], [i]; see also 40.123[a]). Contrary to respondent's contention, federal preemption does not compel a different result.

THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.

ENTERED: April 23, 2026