In the Matter of TRANSPORT WORKERS UNION, LOCAL 100, Respondent, v NEW YORK CITY TRANSIT AUTHORITY, Appellant. [868 NYS2d 319]—

Given the policy in this State of "supporting arbitration and discouraging judicial interference with either the process or its outcome" (*Matter of New York City Tr. Auth. v Transport Workers Union of Am., Local 100, AFL-CIO,* 99 NY2d 1, 6 [2002]), judicial review of an arbitration award is narrowly circumscribed, and the award "may not be vacated unless it is violative of a strong public policy, is irrational, or clearly exceeds a specific limitation on an arbitrator's power" (*Matter of New York City Tr. Auth. v Transport Workers' Union of Am., Local 100, AFL-CIO,* 306 AD2d 486, 486 [2003]; *see Matter of Henneberry v ING Capital Advisors, LLC,* 10 NY3d 278, 284 [2008]; *Maross Constr. v Central N.Y. Regional Transp. Auth.,* 66 NY2d 341, 346 [1985]; *Matter of Sprinzen [Nomberg],* 46 NY2d 623, 629 [1979]; *Binghamton Civ. Serv. Forum v City of Binghamton,* 44 NY2d 23, 28 [1978]).

Contrary to the determination of the Supreme Court, the arbitrator did not exceed her power or render a completely irrational award in this case. Rather, the award was consistent with the evidence presented, the applicable federal regulations governing drug testing for transit employees (*see* 49 CFR 40.151, 40.191, 40.193), and the parties' collective bargaining agreement. Accordingly, the Supreme Court erred in re-weighing the evidence, making new credibility determinations, and substituting its judgment for that of the arbitrator (*see Matter of New York City Tr. Auth. v Transport Workers' Union of Am., Local 100, AFL-CIO,* 6 NY3d 332 [2005]). Mastro, J.P., Skelos, Balkin and Chambers, JJ., concur.