■ ANGELA PIERRE et al., Appellants, v MARY MANNING WALSH NURSING HOME CO., INC., et al., Respondents. [940 NYS2d 597]—

Order, Supreme Court, New York County (Debra A. James, J.), entered April 19, 2011, which, upon concluding that plaintiffs agreed to arbitrate the underlying dispute, denied their motion for summary judgment, and granted defendants' cross motion for summary judgment dismissing the complaint, unanimously modified, on the law, the cross motion denied, the matter remanded for further proceedings consistent with this opinion, and otherwise affirmed, without costs.

In this action seeking damages and declaratory relief for breach of a pension agreement and violation of Labor Law § 198, Supreme Court erred by concluding that plaintiffs, health care providers employed by defendant Mary Manning Walsh Nursing Home (MMW), clearly, explicitly, and unequivocally agreed to arbitrate their dispute (*see Matter of Fiveco, Inc. v Haber*, 11 NY3d 140, 144 [2008]). In reaching this conclusion, the court relied upon an arbitration provision contained in a collective bargaining agreement (CBA), effective from 2001-2005, which governed the union's representation of MMW's service and maintenance workers, a separate and distinct unit from that of plaintiffs. Plaintiffs did not agree to join the union until 2007, and the record on appeal shows that the agreement between the union and MMW regarding plaintiffs' employment is governed by a memorandum of agreement dated July 2, 2008, which

contains no provision requiring the arbitration of disputes. Although defendants claim that the memorandum was intended to incorporate by reference certain unspecified provisions of the 2001-2005 CBA, the memorandum itself is silent on that point, and an agreement to arbitrate cannot depend upon implication or subtle reference (*Crespo v 160 W. End Ave. Owners Corp.*, 253 AD2d 28, 32-33 [1999], quoting *Matter of Waldron [Goddess]*, 61 NY2d 181, 184 [1984]).

Defendants' federal preemption claim is unavailing, as the Labor Management Relations Act (29 USC § 185) has preclusive effect only when resolution of a state law claim is substantially dependent upon the analysis of a CBA (*Allis-Chalmers Corp. v Lueck*, 471 US 202, 220 [1985]). Here, as explained, the CBA relied upon by defendants when seeking to compel arbitration is not applicable to plaintiffs. Contrary to defendants' urging, plaintiffs' subsequent action to compel arbitration, which was unsuccessful, does not compel invocation of the doctrine of judicial estoppel, as they have not *"secured a judgment in* [their] *favor"* by assuming "a certain position in a prior legal proceeding," and then assumed "a contrary position in another action simply because [their] interests have changed" (*Jones Lang Wootton USA v LeBoeuf, Lamb, Greene & MacRae*, 243 AD2d 168, 176, 177 [1998], *lv dismissed* 92 NY2d 962 [1998]). Concur—Mazzarelli, J.P., Saxe, Renwick, Richter and Abdus-Salaam, JJ.