Order, Supreme Court, New York County (Arthur F. Engoron, *616 J.), entered on or about January 9, 2013, which granted the CPLR article 75 petition of the District Council 37 petitioners to confirm an arbitration award, dated March 19, 2012, reducing a disciplinary penalty from termination to suspension, unanimously affirmed, without costs. Order, same court and Justice, entered January 7, 2013, which denied the petition of the City of New York to vacate the aforementioned arbitration award, confirmed the award, and dismissed the proceeding brought pursuant to CPLR article 75, unanimously affirmed, without costs.
Respondent Darryl King, a 22-year employee of New York City Department of Parks and Recreation (Parks Department), was involved in a traffic accident while driving a Parks Department vehicle under the influence of alcohol. He was arrested, charged in Criminal Court, and ordered to undergo what the arbitrator termed a “rigorous” alcohol monitoring and treatment program. He completed the program and complied with all conditions imposed upon him by the court. After a hearing at which both sides presented testimonial and documentary evidence, an arbitrator rejected appellants’ preferred penalty of termination, instead ruling that the unpaid suspension, which lasted nearly two years, imposed on King immediately after the accident was a sufficient penalty for an employee who had an otherwise unblemished employment history, and who had admitted his addiction to alcohol and taken full responsibility for his misconduct. The arbitrator, while noting King’s remorse and completion of his rehabilitation programs, ordered him reinstated as a Parks Department employee to a position commensurate with his experience, but ruled that the Parks Department did not have to restore him to a position requiring that he drive department vehicles until it was confident that he had been rehabilitated.
Given this record and the express findings made by the arbitrator, we find that appellants did not establish that the arbitration award should be vacated (see CPLR 7511; Frankel v Sardis, 76 AD3d 136, 139 [1st Dept 2010]; Matter of New York State Nurses Assn. [Nyack Hosp.], 258 AD2d 303 [1st Dept 1999], lv denied 93 NY2d 810 [1999]). The award did not violate public policy, as appellants failed to demonstrate that any law prohibited, in an absolute sense, the subject matter of the arbitration, nor did they cite to any well-defined constitutional, statutory or common law principle that the award violated (see Matter of United Fedn. of Teachers, Local 2, AFT, AFL-CIO v Board of Educ. of City School Dist. of City of N.Y., 1 NY3d 72, 79-80 [2003]).
*617 In addition, as the arbitrator grounded his reasoning in the evidence, including an assessment of the employee as frank and apologetic, appellants failed to show that there was “no proof whatever to justify the award so as to render it entirely irrational” (Matter of Peckerman v D & D Assoc., 165 AD2d 289, 296 [1st Dept 1991]). Accordingly, appellants’ claim that termination is the only appropriate penalty is without merit (see City School Dist. of the City of N.Y. v McGraham, 17 NY3d 917, 920 [2011]).
We have considered appellants’ remaining arguments and find them unavailing.
Concur—Tom, J.E, Moskowitz, ManzanetDaniels, Feinman and Gische, JJ.