■ In the Matter of Carlos Fernandez, Appellant, v New York City Transit Authority, Respondent. [990 NYS2d 519]—

Order, Supreme Court, Bronx County (John A. Barone, J.), entered March 29, 2013, which denied the petition to vacate the arbitrator's decision upholding respondent's (NYCTA) termination of petitioner's employment, and granted NYCTA's cross motion to dismiss the petition, unanimously modified, on the law, to grant the petition to the extent of vacating the penalty of termination and to deny the cross motion, and the matter is remanded for the imposition of a lesser penalty, and otherwise affirmed, without costs.

Although we are troubled by the lack of a transcript to review

the record of the arbitration proceeding, we have no basis to disturb the arbitrator's credibility findings. We find, however, that the termination of Fernandez's employment as the sanction for a single, alleged transgression is grossly excessive and shocks our sense of fairness (*see Matter of Pell v Board of Educ. of Union Free School Dist. No. 1 of Towns of Scarsdale & Mamaroneck, Westchester County*, 34 NY2d 222, 233 [1974]). When the incident at issue occurred, Fernandez had been a NYCTA bus driver for 15 years, had received consistently positive performance evaluations, and had never been disciplined.

Moreover, by imposing the harsh penalty of termination on its employee for a first incident, NYCTA disregarded its own disciplinary guidelines. NYCTA's policy is found in the collective bargaining agreement between the agency and Fernandez's union, which provides that NYCTA "shall be guided by 'the principle of progressive discipline' in the administration of its disciplinary procedures."

Here, depriving Fernandez of his livelihood because of a single incident "is disproportionate to the misconduct . . . or to the harm or risk of harm to the agency or institution, or to the public" (*Pell*, 34 NY2d at 234; *see also Matter of Principe v New York City Dept. of Educ.*, 94 AD3d 431 [1st Dept 2012] [termination disproportionate for petitioner with spotless, five-year record], *affd* 20 NY3d 963 [2012]; *Matter of Riley v City of New York*, 84 AD3d 442 [1st Dept 2011] [termination disproportionate for petitioner with 15 years of service and good record]; *Matter of Solis v Department of Educ. of City of N.Y.*, 30 AD3d 532, 532 [2d Dept 2006] [termination unwarranted for petitioner with "otherwise unblemished 12-year record"]). Concur—Mazzarelli, J.P., Acosta, Freedman, Richter and Clark, JJ.