■ ANGELA PIERRE et al., Respondents-Appellants, v MARY MANNING WALSH NURSING HOME, INC., et al., Appellants-Respondents. [9 NYS3d 227]—

Order and judgment (one paper), Supreme Court, New York County (Debra A. James, J.), entered on or about February 26, 2014, which granted in part and denied in part plaintiffs' motion for summary judgment and defendants' cross motion for summary judgment, declared that defendant Mary Manning Walsh Nursing Home, Inc.'s (Nursing Home) refusal to credit plaintiffs' services for 2008 due to a one-year freeze of pension benefits was a violation of the Mary Manning Walsh Supplemental Pension Plan (MMWSPP), and that the Nursing Home's decision to offset plaintiffs' benefits was not a violation of the plan, and awarded plaintiff Pierre compensatory damages

equal to the benefits denied to her during the one-year freeze, unanimously affirmed, with costs.

This Court's determination in a prior appeal of this matter is the law of the case with respect to the issues of arbitrability and federal preemption (*see Pierre v Mary Manning Walsh Nursing Home Co., Inc.*, 93 AD3d 541 [1st Dept 2012]). Defendants' citation to other sections of the agreements that were before this Court on the prior appeal is not new evidence sufficient to compel a reexamination of this Court's prior determination (*see NAMA Holdings, LLC v Greenberg Traurig, LLP*, 92 AD3d 614, 614 [1st Dept 2012]). Nor is reexamination necessary based on evidence that two plaintiffs agreed to arbitrate unrelated disputes arising out of agreements other than the MMWSPP.

The court correctly determined that the freeze in pension benefits for 2008 violated the MMWSPP. Pursuant to sections 13.8 (E) and 14.1 of that agreement, benefits could not be reduced in any way or adversely affected by later agreements.

The court also correctly determined that the offset did not violate the MMWSPP. The offset was permitted pursuant to sections 4.1 (C) and 15.5 (C) of that agreement. Since defendants are required to make a contribution for 2008, those sections are applicable. Concur—Gonzalez, P.J., Mazzarelli, DeGrasse and Kapnick, JJ.