■ In the Matter of JOHN TARANTINO, Respondent, v MTA NEW YORK CITY TRANSIT AUTHORITY, Appellant. [8 NYS3d 923]—In a proceeding pursuant to CPLR article 75 to vacate an arbitration award, the New York City Transit Authority, sued herein as MTA New York City Transit Authority, appeals from an order of the Supreme Court, Kings County (Baynes, J.), dated January 15, 2014, which granted the petition and vacated the award.

Ordered that order is reversed, on the law, with costs, the petition is denied, the arbitration award is reinstated, and the matter is remitted to the Supreme Court, Kings County, for the confirmation of the arbitration award pursuant to CPLR 7511 (e).

The arbitration proceeding at issue on this appeal was consensual in nature, as it was conducted pursuant to the parties' collective bargaining agreement (*see Matter of New York*

*State Correctional Officers & Police Benevolent Assn. v State of New York*, 94 NY2d 321, 326 [1999]; *Matter of Janis v New York State Div. of Hous. & Community Renewal*, 271 AD2d 878, 879 [2000]). Thus, the Supreme Court erred in applying the "closer judicial scrutiny" standard appropriate for evaluating an award that was the subject of compulsory arbitration (*cf. Matter of Motor Veh. Acc. Indem. Corp. v Aetna Cas. & Sur. Co.*, 89 NY2d 214 [1996]; *Matter of Furstenberg [Aetna Cas. & Sur. Co.—Allstate Ins. Co.]*, 49 NY2d 757 [1980]; *Matter of Public Serv. Mut. Ins. Co. v Fiduciary Ins. Co. of Am.*, 123 AD3d 933, 934 [2014]).

Judicial review of an arbitrator's award is limited. An arbitration award may be vacated pursuant to CPLR 7511 (b) (1) (iii) where "an arbitrator . . . exceeded his [or her] power," which includes only those narrow circumstances in which the award "violates public policy, is irrational, or clearly exceeds a specifically enumerated limitation on the arbitrator's power" (*Matter of Shenendehowa Cent. Sch. Dist. Bd. of Educ. [Civil Serv. Empls. Assn., Inc., Local 1000, AFSCME, AFL-CIO, Local 864]*, 20 NY3d 1026, 1027 [2013] [internal quotation marks omitted]; *see Matter of New York City Tr. Auth. v Transport Workers Union of Am., Local 100*, 14 NY3d 119, 124 [2010]; *Matter of Sheriff Officers Assn., Inc. v Nassau County*, 113 AD3d 620, 621 [2014]).

In the instant matter, nothing in the record indicates that the arbitration award violated public policy, was irrational, or clearly exceeded a specific enumerated limitation on the arbitrator's power. Accordingly, the Supreme Court erred in vacating the arbitration award. Rivera, J.P., Dickerson, Cohen and Barros, JJ., concur.