■ In the Matter of CARLOS FERNANDEZ, Respondent, v NEW YORK CITY TRANSIT AUTHORITY, Appellant. [29 NYS3d 175]—

Order, Supreme Court, Bronx County (John A. Barone, J.), entered on or about January 22, 2015, which, on remand, granted petitioner's petition to the extent of restoring him, upon his successful completion of a medical examination, to his position as a bus operator, with full benefits and accrued vacation running from the date of his reinstatement, unanimously reversed, on the law and the facts, without costs, and the matter remitted to the original arbitrator for further proceedings consistent with this decision.

On a prior appeal in this CPLR article 75 proceeding, this Court vacated the arbitration award sustaining respondent New York City Transit Authority's (NYCTA) decision to terminate petitioner's employment, and remanded the matter for imposition of a lesser penalty (Matter of Fernandez v New York City Tr. Auth., 120 AD3d 407 [1st Dept 2014]). On remand, Supreme Court usurped the arbitrator's authority when it

imposed a lesser penalty, since the matter should have been remitted to the arbitrator for a rehearing and new determination as to the appropriate lesser penalty (CPLR 7511 [d]; *see Matter of Board of Educ. of E. Hampton Union Free School Dist. v Yusko*, 269 AD2d 445, 446 [2d Dept 2000]). The matter should be remitted to the original arbitrator, because there has been no showing that the original arbitrator is biased or otherwise incapable of carrying out his duties (*see Sawtelle v Waddell & Reed*, 304 AD2d 103, 117 [1st Dept 2003]).

We have considered NYCTA's remaining contentions and find them unavailing. Concur—Mazzarelli, J.P., Friedman, Andrias, Moskowitz and Kahn, JJ.