■ In the Matter of TRANSIT WORKERS UNION, LOCAL 100, Appellant, v NEW YORK CITY TRANSIT AUTHORITY, Respondent. VICTOR MARTINEZ, Nonparty Appellant. [57 NYS3d 530]—

In a proceeding pursuant to CPLR article 75 to vacate an arbitration award dated May 23, 2014, the petitioner, Transit Workers Union, Local 100, and nonparty Victor Martinez appeal from a judgment of the Supreme Court, Kings County

(Silber, J.), dated January 29, 2015, which, in effect, denied the petition and dismissed the proceeding.

Ordered that the judgment is affirmed, with costs.

The respondent, New York City Transit Authority, terminated the employment of nonparty Victor Martinez, a bus driver and a member of the petitioner, Transit Workers Union, Local 100, because of an incident involving Martinez and a pedestrian. The petitioner commenced this proceeding pursuant to CPLR article 75 to vacate an arbitration award finding that the respondent had just cause to terminate Martinez's employment because of the incident. The Supreme Court, in effect, denied the petition and dismissed the proceeding.

Where, as here, an arbitration award was rendered after a consensual arbitration process pursuant to the terms of a collective bargaining agreement, the award may not be vacated unless it violates a strong public policy, is irrational, or clearly exceeds a specifically enumerated limitation of the arbitrator's power (*see* CPLR 7511 [b]; *Matter of New York City Tr. Auth. v Transport Workers' Union of Am., Local 100, AFL-CIO*, 6 NY3d 332, 336 [2005]; *Matter of Romaine v New York City Tr. Auth.*, 82 AD3d 986 [2011]). The petitioner and Martinez contend on appeal that the award was irrational. Contrary to their contention, the arbitrator's award was supported by evidence in the record and is, therefore, rational (*see Matter of Tarantino v MTA N.Y. City Tr. Auth.*, 129 AD3d 738, 739 [2015]).

Contrary to the further contention of the petitioner and Martinez, the penalty of termination from employment was not irrational, and the penalty did not violate any strong public policy or clearly exceed an enumerated limitation on the arbitrator's power (*see* CPLR 7511 [b]; *Matter of New York City Tr. Auth. v Transport Workers' Union of Am., Local 100, AFL-CIO*, 306 AD2d 486 [2003]; *Matter of New York City Tr. Auth. v Transport Workers Union of Am., Local 100, AFL-CIO*, 243 AD2d 567, 567 [1997]; *Matter of New York City Tr. Auth. v Transport Workers Union of Am., AFL-CIO, Local 100*, 220 AD2d 749 [1995]; *cf. also Matter of Fernandez v New York City Tr. Auth.*, 120 AD3d 407 [2014]). Balkin, J.P., Chambers, Maltese and Duffy, JJ., concur.