Matter of Ross v New York City Metro. Tr. Auth. (2019 NY Slip Op 05548)





Matter of Ross v New York City Metro. Tr. Auth.


2019 NY Slip Op 05548


Decided on July 10, 2019


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on July 10, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

LEONARD B. AUSTIN, J.P.
SYLVIA O. HINDS-RADIX
JOSEPH J. MALTESE
LINDA CHRISTOPHER, JJ.


2017-05693
 (Index No. 291/17)

[*1]In the Matter of Leon Ross, respondent,
v
New York City Metropolitan Transit Authority, et al., appellants.


James B. Henly, Brooklyn, NY (Robert K. Drinan of counsel; Kalina Georgieva on the brief), for appellants.
David McGruder, Bronx, NY, for respondent.



DECISION & ORDER
In a proceeding pursuant to CPLR article 75 to vacate an arbitration award dated October 13, 2016, the appeal is from an order of the Supreme Court, Kings County (Loren Baily-Schiffman, J.), dated May 12, 2017. The order, insofar as appealed from, granted that branch of the petition which was to vacate the penalty of termination.
ORDERED that the order is reversed insofar as appealed from, on the law, with costs, that branch of the petition which was to vacate the penalty of termination is denied, the arbitration award is reinstated, and the matter is remitted to the Supreme Court, Kings County, for the confirmation of the arbitration award pursuant to CPLR 7511(e).
The New York City Transit Authority, named herein as the New York City Metropolitan Transit Authority, and the Bronx Surface Transit Operating Authority (hereinafter together the appellants) terminated the employment of the petitioner, a bus driver, because of an incident involving the petitioner and a person who was in a wheelchair and waiting to board the bus. The petitioner commenced this proceeding pursuant to CPLR article 75 to vacate an arbitration award finding that the appellants had just cause to terminate the petitioner's employment because of the incident. The Supreme Court granted that branch of the petition which was to vacate the penalty of termination.
The arbitration proceeding at issue—conducted pursuant to the parties' collective bargaining agreement—was consensual in nature, and, as such, subject to the limited scope of review established by CPLR 7511. Therefore, the Supreme Court improperly applied the "closer judicial scrutiny standard" appropriate for reviewing an award that resulted from a compulsory arbitration process (Matter of Tarantino v MTA N.Y. City Tr. Auth., 129 AD3d 738, 739 [internal quotation marks omitted]; see Matter of New York State Correctional Officers & Police Benevolent Assn. v State of New York, 94 NY2d 321, 326).
Pursuant to the applicable standard of review, an arbitration award rendered after a consensual arbitration process pursuant to the terms of a collective bargaining agreement may not be vacated unless it violates a strong public policy, is irrational, or clearly exceeds a specifically [*2]enumerated limitation of the arbitrator's power (see CPLR 7511[b]; Matter of New York City Tr. Auth. v Transport Workers' Union of Am., Local 100, AFL-CIO, 6 NY3d 332, 336; Matter of Transit Workers Union, Local 100 v New York City Tr. Auth., 152 AD3d 530, 531; Matter of Romaine v New York City Tr. Auth., 82 AD3d 986, 987).
Contrary to the Supreme Court's determination, the penalty of termination from employment was not irrational, and the penalty, albeit harsh, did not violate any strong public policy or clearly exceed an enumerated limitation on the arbitrator's power (see Matter of New York State Correctional Officers & Police Benevolent Assn. v State of New York, 94 NY2d at 326; Matter of Transit Workers Union, Local 100 v New York City Tr. Auth., 152 AD3d at 531; Matter of Tarantino v MTA N.Y. City Tr. Auth., 129 AD3d at 739).
The petitioner's contention that the appellants should be directed to pay "all back pay, legal and costs" of these proceedings has not been considered, as the petitioner has not filed a notice of appeal (see CPLR 5515[1]; Matter of Jalaya A.C. [Deidra J.], 112 AD3d 623, 625; Matter of Nationwide Ins. Enter. v Harris, 44 AD3d 947, 949; Master-Built Const. Co., Inc. v Thorne, 22 AD3d 536, 536-537).
AUSTIN, J.P., HINDS-RADIX, MALTESE and CHRISTOPHER, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court