Matter of Barrella v State of New York Off. of Mental Health (2019 NY Slip Op 06084)





Matter of Barrella v State of New York Off. of Mental Health


2019 NY Slip Op 06084


Decided on August 7, 2019


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on August 7, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

LEONARD B. AUSTIN, J.P.
JOHN M. LEVENTHAL
SHERI S. ROMAN
ROBERT J. MILLER, JJ.


2018-06551
 (Index No. 13325/16)

[*1]In the Matter of Yanie Barrella, appellant, 
v
State of New York Office of Mental Health, et al., respondents.


Lawrence Spivak, Jamaica, NY, for appellant.
Letitia James, Attorney General, New York, NY (Anisha S. Dasgupta and Mark S. Grube of counsel), for respondents.



DECISION & ORDER
In a proceeding pursuant to CPLR article 75 to vacate an arbitration award dated October 3, 2016, the petitioner appeals from a judgment of the Supreme Court, Queens County (Allan B. Weiss, J.), entered November 21, 2017. The judgment denied the petition, confirmed the arbitration award, and dismissed the proceeding.
ORDERED that the judgment is affirmed, with costs.
The petitioner commenced this proceeding pursuant to CPLR article 75 to vacate an arbitration award denying her grievance of the termination of her employment by the respondent Creedmore Psychiatric Center. The petition alleged that the arbitrator incorrectly determined that the respondents followed the procedures mandated by a collective bargaining agreement with respect to the service and content of the notice of discipline. The petition further asserted, inter alia, that the termination of the petitioner's employment violated public policy considerations and that the arbitrator's award denying her grievance was irrational. The Supreme Court denied the petition, confirmed the arbitration award, and dismissed the proceeding. The petitioner appeals.
Judicial review of arbitration awards is extremely limited (see Wien & Malkin LLP v Helmsley-Spear, Inc., 6 NY3d 471, 479). "Unless an arbitration award violates a strong public policy, is totally irrational, or exceeds a specifically enumerated limitation on the arbitrator's powers, it may not be vacated" (Matter of T & C Home Design, LLC v Stylecraft Corp., 140 AD3d 777, 778; see Shnitkin v Healthplex IPA, Inc., 71 AD3d 979, 981). The party seeking to vacate an arbitration award bears a "heavy burden" of proving by "clear and convincing evidence" that impropriety by the arbitrator prejudiced that party's rights or impaired the integrity of the arbitration process (Matter of Denaro v Cruz, 115 AD3d 742, 743; see Matter of Quality Bldg. Constr., LLC v Jagiello Constr. Corp., 125 AD3d 973, 973; Matter of Mounier v American Tr. Ins. Co., 36 AD3d 617, 617; Matter of Local 295-295C, IUOE v Phoenix Envtl. Servs. Corp., 21 AD3d 901, 901). "Courts are bound by an arbitrator's factual findings, interpretation of the contract and judgment concerning remedies. A court cannot examine the merits of an arbitration award and substitute its judgment for that of the arbitrator simply because it believes its interpretation would be the better one. Indeed, even in [*2]circumstances where an arbitrator makes errors of law or fact, courts will not assume the role of overseers to conform the award to their sense of justice" (Matter of New York State Correctional Officers & Police Benevolent Assn. v State of New York, 94 NY2d 321, 326; see Wien & Malkin LLP v Helmsley-Spear, Inc., 6 NY3d at 479-480; Matter of Liberty Mut. Ins. Co. v Sedgewick of N.Y., 43 AD3d 1062, 1063).
Here, the petitioner failed to demonstrate by clear and convincing evidence that the arbitration award should be vacated. The arbitrator's determination was supported by evidence in the record, and was not irrational (see Matter of Transit Workers Union, Local 100 v New York City Tr. Auth., 152 AD3d 530, 531; Matter of Fagan v Village of Harriman, 140 AD3d 868, 868-869). Furthermore, nothing in the record indicates that the arbitrator exceeded a specifically enumerated limitation on the arbitrator's power (see Matter of Tarantino v MTA N.Y. City Tr. Auth., 129 AD3d 738, 739).
The petitioner's remaining contentions are without merit.
Accordingly, we agree with the Supreme Court's determination to deny the petition, confirm the arbitration award, and dismiss the proceeding.
AUSTIN, J.P., LEVENTHAL, ROMAN and MILLER, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court