Matter of Fernandez v New York City Tr. Auth. (2019 NY Slip Op 09087)





Matter of Fernandez v New York City Tr. Auth.


2019 NY Slip Op 09087


Decided on December 19, 2019


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on December 19, 2019

Acosta, P.J., Renwick, Manzanet-Daniels, Kapnick, González, JJ.


10597 26176/17E

[*1] In re Carlos Fernandez, Petitioner-Appellant,
v
New York City Transit Authority, Respondent-Respondent.


Alan H. Krystal, P.C., Nesconset (Alan H. Krystal of counsel), for appellant.
David Farber, Brooklyn (Daniel Chiu of counsel), for respondent.



Order, Supreme Court, Bronx County (Howard H. Sherman, J.), entered October 5, 2018, which denied the petition to vacate the arbitration award, dated April 25, 2017, which demoted petitioner from bus driver to cleaner, and dismissed the proceeding against respondent New York City Transit Authority (NYCTA), unanimously affirmed, without costs.
On a prior appeal in this proceeding, this Court vacated the arbitration award sustaining NYCTA's decision to terminate petitioner's employment, and remanded the matter for imposition of a lesser penalty (Matter of Fernandez v New York City Tr. Auth., 120 AD3d 407 [1st Dept 2014]). During the second arbitration, held upon remand, petitioner testified that he had recently pleaded guilty to reckless driving in Ohio. The arbitrator properly considered this conviction, in conjunction with the original offense of engaging in lewd activity in public, in demoting petitioner to the position of cleaner. Thus, there was sufficient proof to justify the award (Matter of Roberts v City of New York, 118 AD3d 615, 617 [1st Dept 2014]). Moreover, the arbitrator did impose a lesser penalty, as this Court directed in its 2014 order, by demoting petitioner rather than terminating his employment.
Petitioner has also failed to show by clear and convincing evidence that the arbitrator was biased (see Matter of Infosafe Sys. [Intl. Dev. Partners], 228 AD2d 272 [1st Dept 1996]). The arbitrator awarded petitioner back pay, over NYCTA's objections, which evidences a lack of bias. Moreover, a review of the hearing transcript reveals that the arbitrator considered all of the circumstances and relevant evidence in reaching his decision (compare Matter of Principe v New York City Dept. of Educ., 94 AD3d 431 [1st Dept 2012], affd 20 NY3d 963 [2012]). Even if the arbitrator had erred in failing to fully consider an alternative position such as a Driller or Shifter, as petitioner suggests, this was, at worst, "an error in judgment, which is not a basis for setting aside the determination" (Matter of County of Westchester v Doyle, 43 AD3d 1055, 1056 [2d Dept 2007]).
We have considered petitioner's remaining arguments and find them unavailing.
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: DECEMBER 19, 2019
CLERK