Matter of Rivera v New York City Tr. Auth. (2023 NY Slip Op 02315)

Matter of Rivera v New York City Tr. Auth.

2023 NY Slip Op 02315

Decided on May 3, 2023

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on May 3, 2023
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

COLLEEN D. DUFFY, J.P.
CHERYL E. CHAMBERS
LINDA CHRISTOPHER
JOSEPH A. ZAYAS, JJ.
 

2021-06237
 (Index No. 109/21)

[*1]In the Matter of Michael Rivera, appellant,
v
New York City Transit Authority, respondent.

Roosevelt T. Seymour, Brooklyn, NY, for appellant.
David I. Farber, Brooklyn, NY (David K. Drinan of counsel), for respondent.

DECISION & ORDER
In a proceeding pursuant to CPLR article 75 to vacate an arbitration award dated January 4, 2021, the petitioner appeals from an order of the Supreme Court, Kings County (Karen B. Rothenberg, J.), dated July 19, 2021. The order denied the petition and dismissed the proceeding.
ORDERED that the order is affirmed, with costs.
The respondent, New York City Transit Authority, terminated the petitioner's employment as a bus operator, upon his failure to provide a urine sample for a drug test. The petitioner commenced this proceeding pursuant to CPLR article 75 to vacate an arbitration award sustaining the respondent's termination of the petitioner's employment. The Supreme Court denied the petition and dismissed the proceeding. The petitioner appeals.
The limited judicial review of an arbitration award includes review of whether, as the petitioner here contends, the arbitrator "exceeded his power or so imperfectly executed it that a final and definite award upon the subject matter submitted was not made" (CPLR 7511[b][1][iii]). An arbitrator "exceed[s] his [or her] power [under the meaning of the statute] where the . . . award violates a strong public policy, is irrational or clearly exceeds a specifically enumerated limitation on the arbitrator's power" (Matter of New York City Tr. Auth. v Transport Workers' Union of Am., Local 100 AFL-CIO, 6 NY3d 332, 336 [citation and internal quotation marks omitted]; see Matter of Kowaleski [New York State Dept. of Correctional Servs.], 16 NY3d 85, 90). An award "is irrational only where there is no proof whatever to justify the award" (Matter of Reddy v Schaffer, 123 AD3d 935, 937; see Matter of J-K Apparel Sales Co., Inc. v Esposito, 189 AD3d 1045, 1046). "Even where an arbitrator has made an error of law or fact, courts generally may not disturb the arbitrator's decision" (Matter of Falzone [New York Cent. Mut. Fire Ins. Co.], 15 NY3d 530, 534). "A party seeking to overturn an arbitration award bears a heavy burden and must establish a ground for vacatur by clear and convincing evidence" (Matter of Board of Educ. of the Yonkers City Sch. Dist. v Yonkers Fedn. of Teachers, 185 AD3d 811, 812; see Matter of County of Nassau v Civil Serv. Empls. Assn., 150 AD3d 1230).
Here, the petitioner failed to establish by clear and convincing evidence that the arbitration award should be vacated. The petitioner contends on appeal that the arbitration award was irrational. Contrary to the petitioner's contention, the arbitration award was supported by [*2]evidence in the record, and, thus, was not irrational (see Matter of Barrella v State of New York Off. of Mental Health, 175 AD3d 495, 496; Matter of Transit Workers Union, Local 100 v New York City Tr. Auth., 152 AD3d 530, 531; Matter of Transport Workers Union, Local 100 v New York City Tr. Auth., 57 AD3d 684, 685).
Accordingly, the Supreme Court properly denied the petition and dismissed the proceeding.
DUFFY, J.P., CHAMBERS, CHRISTOPHER and ZAYAS, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court