Matter of Metropolitan Transp. Auth. v Westfield Fulton Ctr., LLC (2024 NY Slip Op 03089)

Matter of Metropolitan Transp. Auth. v Westfield Fulton Ctr., LLC

2024 NY Slip Op 03089

Decided on June 06, 2024

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: June 06, 2024

Before: Webber, J.P., Oing, Kapnick, Rosado, Michael, JJ. 

Index No. 450428/21 Appeal No. 2453 Case No. 2023-03965 

[*1]In the Matter of Metropolitan Transportation Authority et al., Petitioners-Appellants,
v
Westfield Fulton Center, LLC, Respondent-Respondent.

Tarter Krinsky & Drogin LLP, New York (John G. Nicolich of counsel), for appellants.
Blank Rome LLP, New York (Harris N. Cogan of counsel), for respondent.

Judgment, Supreme Court, New York County (Joel M. Cohen, J.), entered August 4, 2023, awarding damages and interest to respondent tenant (Westfield) totaling $13,267,186.58 in this proceeding brought pursuant to CPLR article 75, and bringing up for review an order, same court and Justice, entered on or about February 17, 2023, which denied petitioners Metropolitan Transportation Authority and New York City Transit Authority's (together, MTA) motion to vacate a partial final award and final award finding after arbitration that they breached provisions of a lease (Lease) and awarding attorneys' fees and costs to Westfield, and granted Westfield's cross-motion to confirm the award subject to modification of the interest rate, unanimously affirmed, without costs.
Initially, the MTA cannot challenge the arbitrability of any of the claims decided by the arbitrator. "This Court's determination in a prior appeal of this matter is law of the case with respect to the issue[] of arbitrability" (Pierre v Mary Manning Walsh Nursing Home, Inc., 128 AD3d 463, 464 [1st Dept 2015]; accord Kenney v City of New York, 74 AD3d 630, 630-631 [1st Dept 2010]; see Matter of Metropolitan Transp. Auth. v Westfield Fulton Ctr., LLC, 208 AD3d 418, 419 [1st Dept 2022]). The arbitrator did not fail "to follow the clear directive" of the courts (Matter of Grynberg v BP Exploration Operating Co. Ltd., 127 AD3d 553, 554 [1st Dept 2015]), as the prior decision of Supreme Court simply explained that the arbitrator would determine whether any facts proven by Westfield impacted Substantial Completion or Final Completion, not whether the claims are arbitrable.
Supreme Court properly upheld the arbitration awards challenged in this proceeding. "It is well settled that judicial review of arbitration awards is extremely limited," and an "award must be upheld when the arbitrator 'offer[s] even a barely colorable justification for the outcome reached'" (Wien & Malkin LLP v Helmsley-Spear, Inc., 6 NY3d 471, 479 [2006], quoting Matter of Andros Cia. Maritima, S.A. [Marc Rich & Co., A.G.], 579 F2d 691, 704 [2d Cir 1978]; accord Tullett Prebon Fin. Servs. v BGC Fin., L.P., 111 AD3d 480, 482 [1st Dept 2013]). "[A] court may vacate an award only if it violates a strong public policy, is totally irrational, or clearly exceeds a specifically enumerated limitation on an arbitrator's power" (Matter of Falzone [New York Cent. Mut. Fire Ins. Co.], 15 NY3d 530, 534 [2010]; see CPLR 7511[b][1][iii]). Further, "a court is bound by the arbitrator's factual findings and interpretations of the contract," and it "cannot examine the merits of an arbitration award and substitute its judgment for that of the arbitrator simply because it believes its interpretation would be the better one" (Matter of Brown & Williamson Tobacco Corp. v Chelsey, 7 AD3d 368 372 [1st Dept 2004] [internal quotation marks omitted]). The "arbitrator's award will not be vacated for errors of law and fact committed by the arbitrator and [*2]the courts should not assume the role of overseers to mold the award to conform to their sense of justice" (Wien & Malkin LLP, 6 NY3d at 480; accord Matter of Sprinzen [Nomberg], 46 NY2d 623, 629 [1979]; Matter of SCM Corp. [Fisher Park Lane Co.], 40 NY2d 788, 793 [1976]).
As to liability, the Partial Final Award determined that the MTA breached Lease § 3.1 by not diligently seeking to achieve Substantial or Final Completion and not delivering the premises in Tenant-Ready Condition. Whether the arbitrator incorrectly decided that the Lease required the MTA, instead of Westfield, to perform certain construction work is insufficient to vacate the liability finding, as "an arbitrator's interpretation of the parties' contract is impervious to judicial challenge even where 'the apparent, or even the plain, meaning of the words' of the contract has been disregarded" (Maross Constr. v Central N.Y. Regional Transp. Auth., 66 NY2d 341, 346 [1985]).
As to damages awarded in the Partial Final Award, even if the arbitrator incorrectly held that lost rent was direct and not consequential damages or lost profits, it would constitute an unreviewable error of law (Wien & Malkin LLP, 6 NY3d at 480). It was not irrational for the arbitrator to rely on Third Department case law in reaching its conclusion that the lost subtenant rent was direct damages since the essential purpose of the Lease was for Westfield to sublet specified areas of the premises to retail and food establishments (see Matter of Falzone, 15 NY3d at 534; see also Latham Land I, LLC v TGI Friday's, Inc., 96 AD3d 1327, 1327, 1331-1332 [3d Dept 2012]; Appliance Giant, Inc. v Columbia 90 Assoc., LLC, 8 AD3d 932, 933-934 [3d Dept 2004]). In sum, the MTA did not show that "there was no proof whatever to justify the award so as to render it entirely irrational" (Matter of Roberts v City of New York, 118 AD3d 615, 617 [1st Dept 2014] [internal quotation marks omitted]).
As to attorneys' fees, Lease § 23.1 grants the arbitrator discretion "to provide that the losing Party in any arbitration will pay all or a portion of the prevailing Party's costs incurred in connection therewith." Contrary to the MTA's contention, this provision sets no "specifically enumerated limitation on an arbitrator's power" by limiting fees to successful claims only (Matter of Falzone, 15 NY3d at 534). Instead, it comports with prevailing case law holding: "Where a lawsuit consists of related claims, a plaintiff who has won substantial relief should not have his attorney's fees reduced simply because the . . . court did not adopt each contention raised" (Senfeld v I.S.T.A. Holding Co., 235 AD2d 345, 345 [1st Dept 1997], lv denied 92 NY2d 818 [1998] [internal quotation marks omitted]). Since the arbitrator found in the Partial Final Award that Westfield was the prevailing party, it was not irrational or in excess of his power to award full recovery of Westfield's attorneys' fees in the Final Award. Nor was it irrational for the [*3]arbitrator to find that the MTA did not prove which amounts were attributable to the two withdrawn claims. Finally, the MTA does not demonstrate that those claims "bore no relation" to the nine others for which relief was granted (Fox v Vice, 563 US 826, 834 [2011]).
We have considered the MTA's remaining contentions and find them unavailing.
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: June 6, 2024