Kim v K.Y.W. Enter. Corp. (2021 NY Slip Op 00998)





Kim v K.Y.W. Enter. Corp.


2021 NY Slip Op 00998


Decided on February 16, 2021


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: February 16, 2021

Before: Manzanet-Daniels, J.P., Webber, Oing, Mendez, JJ. 


Index No. 155768/13 Appeal No. 13153N Case No. 2020-03528 

[*1]Tyler Kim, Plaintiff-Respondent,
v
K.Y.W. Enterprise Corp., Defendant-Appellant.


Law Office of Vincent S. Wong, New York (Michael Brand of counsel), for appellant.
Law Office of Stephen H. Palitz, New York (Stephen H. Palitz of counsel), for respondent.



Order, Supreme Court, New York County (Carol Ruth Feinman, J.), entered on or about February 3, 2020, which granted plaintiff's motion in limine, struck defendant's seventh affirmative defense, and precluded defendant from raising the issues set forth therein, namely, that plaintiff's claims in this rent overcharge action are barred by the preclusive effect of a 1987 stipulation in which plaintiff agreed that the subject apartment was not rent-regulated, unanimously modified, on the law, to deny plaintiff's motion to strike the seventh affirmative defense, and otherwise affirmed, without costs.
Plaintiff could not use the motion in limine as a vehicle for partial summary judgment striking the seventh affirmative defense (see Downtown Art Co. v Zimmerman, 232 AD2d 270, 270 [1st Dept 1996]). Plaintiff's other argument to strike this affirmative defense based on CPLR 4401 is improperly raised for the first time on appeal, and we decline to consider it (see Trafelet v Cipolla & Co., LLC, __ AD3d __, 2021 NY Slip Op 00274 [1st Dept 2021]). Accordingly, Supreme Court should not have granted the motion to strike this affirmative defense.
The subject stipulation itself, however, is simply documentary evidence (see Fontanetta v John Doe 1, 73 AD3d 78, 84-85 [2d Dept 2010]), and, as such, is amenable to preclusion via motion in limine. It is clear that defendant is collaterally estopped from denying that the apartment is rent-controlled (see Buechel v Bain, 97 NY2d 295, 303-304 [2001], cert denied 535 US 1096 [2002]). Defendant has raised the stipulation in previous proceedings and this contention has been expressly rejected. The issue is settled. Accordingly, plaintiff's motion in limine properly lies to preclude defendant from introducing into evidence at trial not only the stipulation, but also any reference to it by way of testimony or other evidence that the apartment is not rent-controlled.
We decline to award plaintiff sanctions, since the principal argument made by defendant on this appeal is not frivolous.
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: February 16, 2021