| |
|---|
| **Idi v Sela** |
| 2026 NY Slip Op 30711(U) |
| March 2, 2026 |
| Supreme Court, New York County |
| Docket Number: Index No. 651527/2022 |
| Judge: Andrew Borrok |
| Cases posted with a "30000" identifier, i.e., 2013 NY Slip Op 30001(U), are republished from various New York State and local government sources, including the New York State Unified Court System's eCourts Service. |
| This opinion is uncorrected and not selected for official publication. |

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK:  COMMERCIAL DIVISION PART 53

-----------------------------------------------------------------------------X

ELI IDI

                Plaintiff,

        - v -

GAL SELA,

                Defendant.

-----------------------------------------------------------------------------X

| | |
|---|---|
| **INDEX NO.** | 651527/2022 |
| **MOTION DATE** | 01/16/2026, 01/17/2026 |
| **MOTION SEQ. NO.** | 003 004 |

**DECISION + ORDER ON MOTION**

HON. ANDREW BORROK:

The following e-filed documents, listed by NYSCEF document number (Motion 003) 106, 107, 108, 109, 110, 111, 112, 113, 114, 115, 116, 117, 118, 119, 120, 121, 122, 123, 124, 125, 126, 127, 128, 149, 150, 151, 152, 154

were read on this motion to/for            PRECLUDE           .

The following e-filed documents, listed by NYSCEF document number (Motion 004) 129, 130, 131, 132, 133, 134, 135, 136, 137, 138, 139, 140, 141, 142, 143, 145, 146, 147, 148, 153

were read on this motion to/for            PRECLUDE           .

Upon the foregoing documents, (i) Eli Idi's motion (Mtn. Seq. No. 003) *in limine* is DENIED, and (ii) Gal Sela's motion (Mtn. Seq. No. 004) *in limine* is GRANTED to the extent set forth below.

Reference is made to (i) a prior Decision and Order of this Court (the **Prior Decision**; NYSCEF Doc. No. 96), dated May 10, 2024, which granted Mr. Sela's cross-motion for summary judgment and dismissed Mr. Idi's claims as time-barred, and (ii) a Decision and Order of the Appellate Division (the **Appellate Division Decision**; *Idi v Sela*, 237 AD3d 407 [1st Dept 2025]), which modified the Prior Decision by reinstating the complaint except to the extent of the cause of action sounding in fraud and dismissing Mr. Sela's statute of limitations defense:

**651527/2022   IDI, ELI vs. SELA, GAL**
**Motion No.  003 004**

**Page 1 of 9**

[* 1]

Order, Supreme Court, New York County (Andrew Borrok, J.), entered on or about May 14, 2024, which denied plaintiffs motion for summary judgment on all causes of action and dismissing the affirmative defenses and counterclaims, and granted defendant's motion for summary judgment dismissing the complaint as time-barred, unanimously modified, defendant's motion for summary judgment denied and the complaint reinstated, with the exception of the fourth cause of action for fraud, and otherwise affirmed, with costs.

The parties were equal owners in two entities, including 1961 7th Avenue, Inc. (1961 Inc.), which acquired a property that it sold in February 2011. Following the February 2011 sale, the parties had a dispute over distribution of proceeds of the sale, and plaintiff allegedly made repeated requests for access to the books and records of their companies. The parties did not speak for the next four years, until the Internal Revenue Service (IRS) contacted plaintiff about an audit of 1961 Inc., which prompted plaintiff to call defendant. In February 2016, the parties agreed to submit their disputes concerning the operation and sale of the property to arbitration before two lawyers. Both parties submitted statements of claim in June 2016. No applicable arbitral rules required the parties to file answers or responses to the statements of claims, which were deemed denied. During discovery, in July and October 2016, defendant objected to document requests to the extent they "seek[] information relating to claims for which the applicable statute of limitations has expired" and "without waiver" of his objections.

In 2022, the parties moved their dispute to the New York State courts pursuant to a stipulation in which they agreed that the complaint and answer in the action would be "limited in scope" by the arbitration agreement, the statements of claim, and any prior rulings of the arbitrators. Further, "the claims and counterclaims interposed shall be deemed filed as of the date they were filed in the arbitration," except to the extent they exceed the scope of the claims asserted in the arbitration. Plaintiff filed a complaint asserting claims for an equitable accounting, breach of fiduciary duty, unjust enrichment, fraud (based on misrepresentations concerning use of construction loan proceeds), and constructive trust. Defendant answered, asserting affirmative defenses, including that the claims were barred by the statute of limitations, and counterclaims related to plaintiff's position that he was not required to pay a proportionate share of tax liability. After completion of discovery, the parties moved for summary judgment; defendant argued that plaintiff's claims were barred by the applicable three-year statute of limitations.

Despite the parties' 2016 agreement to arbitrate their dispute, if defendant truly believed plaintiff's claims were time-barred, and before actually participating in the arbitration, he should have made an application to the court to determine the threshold statute of limitations issue within 20 days of the commencement of the arbitration (CPLR 7503[b], [c]). Defendant never made such an application.

Nonetheless, defendant could have still raised this defense for the arbitrators to decide in their "sole discretion" (CPLR 7502[b]). While defendant had stated in

[* 2]

discovery responses during the arbitration that he objected to producing documents related to claims that may be time-barred, he never asserted a statute of limitations defense in his statement of claim or sought any ruling or stipulation from the arbitrators on the issue during the ensuing six years. Thus, according to the reasonably plain language of the parties' agreement, there was no statute of limitations issue within the scope of issues to be litigated in court. Having waived any right to have the court or arbitrators decide the statute of limitations issue in 2016, defendant should not be able to have it decided by the court now (*see Matter of Tilbury Fabrics v Stillwater, Inc.*, 56 NY2d 624, 626 [1982] [statute of limitations defense waived by failure to raise it in a motion to stay arbitration or before the arbitrators]; *Matter of Jewish Ctr. of Forest Hills W., Inc. v Goldberg*, 160 AD3d 644, 645-646 [2d Dept 2018]). Moreover, it would be unfair to allow defendant to raise the defense at this late date when the parties have spent considerable time and money on discovery, including extensive accountants' reports, and the case is now trial ready (*see Cseh v New York City Tr. Auth.*, 240 AD2d 270, 271-272 [1st Dept 1997]). However, as to the fourth cause of action for fraud, plaintiff asserts that defendant is liable for an actual, independent fraud pursuant to CPLR 213(8), rather than one that is merely incidental to the breach of fiduciary duty claim.

However, under the stipulation taking the matter out of arbitration, the parties agreed that the scope of this action would be limited to the statements of claim from arbitration, the arbitration agreement, and any prior rulings or stipulations in the arbitration. Plaintiff's statement of claim made no independent claim of actual fraud, nor does plaintiff point to language in the statement of claim, the arbitration agreement, or any other ruling or stipulation that would form the basis of an independent fraud cause of action. Thus, plaintiff is precluded from asserting an independent fraud claim in this action.

(*Idi v Sela*, 237 AD3d 407 [1st Dept 2025]).

## DISCUSSION

The purpose of an *in limine* motion is to prevent the use of "inadmissible, immaterial or prejudicial evidence" at trial (*State v Metz*, 241 AD2d 192, 198 [1st Dept 1998]; *Drago v Tishman Constr. Corp. of N.Y.*, 4 Misc3d 354, 359-60 [Sup Ct, NY County 2004]).

I.      **Mr. Idi's Motion *in Limine* (Mtn. Seq. No. 003)**

Mr. Idi moves to preclude Mr. Sela from (i) offering evidence to substantiate his counterclaims, (ii) offering evidence to substantiate his affirmative defenses, and (iii) introducing Mr. Sela's proposed Exhibits H through L at trial.

In other words, at bottom, Mr. Idi's motion seeks dismissal of Mr. Sela's counterclaims and affirmative defenses, rather than the preclusion of inadmissible, immaterial, or prejudicial evidence. A motion *in limine* is not an appropriate substitute for summary judgment (*Desantis v Desantis*, 225 AD3d 839, 840 [2d Dept 2024]), particularly where it acts as an untimely summary judgment motion seeking dismissal of counterclaims and defenses (*see Kim v K.Y.W. Enter. Corp.*, 191 AD3d 530, [1st Dept 2021]).

In any event, Mr. Idi is not correct that Mr. Sela's counterclaims and affirmative defenses are barred by the Appellate Division Decision. As discussed above, only the statute of limitations defense was barred by the Appellate Division and the fourth cause of action for fraud. For clarity, Mr. Idi previously moved for summary judgment dismissing all counterclaims and defenses, and that motion was denied in its entirety (*see* NYSCEF Doc. No. 96 at 1, 8). Nothing in the Appellate Division Decision disturbs that ruling. In fact, that ruling was affirmed. As such, Mr. Sela is permitted to offer evidence to substantiate his counterclaims and affirmative defenses at trial.

For the avoidance of doubt, all of Mr. Sela's counterclaims (breach of implied contract, unjust enrichment, and fraud) are premised on Mr. Idi's alleged failure to pay his proportionate share of taxes arising from the sale of the subject premises. That tax liability claim was expressly pled in

651527/2022  IDI, ELI vs. SELA, GAL
Motion No.  003 004

Page 4 of 9

4 of 9

Mr. Sela's Statement of Claim (NYSCEF Doc. No. 4 at 3), and thus falls within the scope of the arbitration and the stipulation transferring the matter to this Court. The stipulation also expressly permits the assertion of affirmative defenses in this action (NYSCEF Doc. No. 112 at 1-2).

With respect to Mr. Sela's proposed exhibits, Exhibits H and I consist of Mr. Sela's and his wife's tax court petition filed on July 22, 2022 (NYSCEF Doc. No. 116) and the joint motion and order granting continuance of that proceeding dated August 22, 2025 (NYSCEF Doc. No. 117). These documents are relevant to Mr. Sela's counterclaims, which concern alleged tax liabilities arising from the sale of the premises and the resulting income allocations to the parties. Although the documents were produced with the parties' trial exhibits, there is no prejudice as trial has not been scheduled yet, and the Court takes judicial notice of them as public records of a federal court proceeding (*see* CPLR 4511[b]).

Exhibit J, the 2011 final tax return of 1961 Inc. (NYSCEF Doc. No. 118), was produced to Mr. Idi well before December 19, 2025. Mr. Idi used the tax return in support of his summary judgment motion (*see* NYSCEF Doc. No. 94 at 33-45), it was relied upon by Mr. Idi's expert (*see* NYSCEF Doc. No. 22 at 4), and Mr. Idi uploaded it to the Virtual Evidence Courtroom as Plaintiff's Exhibit 8-3 (VEC Doc. No. 13 at 33-45). Preclusion of Exhibit J is therefore inappropriate.

Exhibit K, Mr. Idi's 2007 personal tax return (NYSCEF Doc. No. 119), was not inadvertently disclosed. Mr. Idi requested production of his personal tax returns from the 1961 Inc.'s accountant, who produced Mr. Idi's 2007 tax return to both parties on November 28, 2016 (*see*

651527/2022  IDI, ELI vs. SELA, GAL
Motion No.  003 004

Page 5 of 9

[* 5]

NYSCEF Doc. Nos. 150-151).  The tax return is relevant to the disputed tax issues in this case, including Mr. Idi's alleged misrepresentations to the IRS, improper income allocation, and potentially Mr. Idi's credibility.

Exhibit L, a demonstrative PowerPoint derived from Mr. Sela's expert rebuttal report dated May 5, 2020 (NYSCEF Doc. No. 152), was not uploaded by the December 19, 2025 deadline (*see* NYSCEF Doc. No. 105).  However, it was uploaded well before trial and is merely a reiteration of the chart of Mr. Sela's expert rebuttal report (*see* NYSCEF Doc. No. 120).  Thus, there is no prejudice.  Accordingly, Mr. Idi's motion *in limine* is denied.

## II.    Mr. Sela's Motion *in Limine* (Mtn. Seq. No. 004)

Mr. Sela moves to preclude (i) Mr. Sela's wife, Ilanit Siri, from testifying as a fact witness, (ii) non-party Timothy Westwig from testifying as a fact witness or, in the alternative, to compel his deposition prior to trial, and (iii) Mr. Idi's expert, Michael LoGiudice, from testifying or offering or relying on his expert reports.

Mr. Sela is not correct that Ms. Siri should be precluded from testifying as a fact witness as to all matters.  Spousal privilege does not provide a shield to Ms. Siri as she is being deposed on ordinary business and financial matters that were not induced by the marital relation itself (*see* CPLR 4502[b]; *People v Melski*, 10 NY2d 78, 80 [1961]; *Poppe v Poppe*, 3 NY2d 312, 315 [1957]).  Ms. Siri's testimony may be relevant because she was a co-owner of GNS Development Corp. (the entity Mr. Sela claims contributed capital toward the purchase of the subject premises), used personal lines of credit and accounts in connection with the subject

**651527/2022   IDI, ELI vs. SELA, GAL**
**Motion No.  003 004**

**Page 6 of 9**

6 of 9

[* 6]

premises and related transactions, and may have knowledge concerning the alleged post-closing agreement and its disappearance. She may also be a material witness to the formation, operation, and breakdown of the parties' business relationship, including the accounting issues and tax audit arising from the transaction at issue. As such, Ms. Siri is not precluded from testifying. She may not however testify as to ex-marital affairs. The parties do not dispute the existence of a fiduciary relationship.

Mr. Sela is also not correct that Mr. Westwig should be precluded from testifying as a fact witness. Mr. Westwig's testimony is relevant because he was Mr. Sela's partner in a competing Columbus Circle hostel venture that was pleaded in Mr. Idi's Statement of Claim as part of the transactions underlying Mr. Idi's breach of fiduciary duty claims and directly concerns Mr. Sela's alleged self-dealing and misuse of partnership funds (*see* NYSCEF Doc. No. 2 ¶ 28). Mr. Idi is required to produce Mr. Westwig for a deposition prior to trial, however, so that Mr. Sela will not be prejudiced by Mr. Westwig's testimony.

Commercial Division Rule 13(c) requires that an expert report contain "the data or other information considered by the witness in forming the opinion(s)" (22 NYCRR § 202.70.13[c][2][B]). Mr. Idi is therefore required to produce the documents relied upon by Mr. LoGiudice in preparing his expert report, including Mr. Idi's 2011 IRS Form 1040 individual income tax return. If those materials are not produced, Mr. Idi will be precluded from calling Mr. LoGiudice to testify as an expert witness and from offering or relying upon his expert reports. In addition, because Mr. Idi filed Mr. LoGiudice's updated expert report on December 17, 2025, Mr. Sela is permitted to submit an updated rebuttal report in response (*see, e.g., Five*

651527/2022   IDI, ELI vs. SELA, GAL
Motion No.  003 004

Page 7 of 9

*Star Dev. Resort Cmtys., LLC v iStar RC Paradise Valley, LLC*, 2012 WL 13069914 at *4 [SD NY Dec 10, 2012]; *Mary Imogene Bassett Hosp. v Cannon Design, Inc.*, 97 AD3d 1030, 1031 [3d Dept 2012]).  Mr. Sela is permitted to depose Mr. LoGuidice, and Mr. Idi is likewise permitted to depose Mr. Sela's expert.

Accordingly, it is hereby ORDERED that Mr. Idi's motion *in limine* is DENIED; and it is further

ORDERED that Mr. Sela's motion *in limine* is GRANTED to the extent set forth above; and it is further

ORDERED that Mr. Idi shall produce the documents relied upon by Mr. LoGiudice in preparing his expert report no later than March 16, 2026; and it is further

ORDERED that Mr. Sela may submit an updated expert rebuttal report no later than May 2, 2026; and it is further

ORDERED that the parties shall provide an expert deposition schedule no later than March 9, 2026; and it is further

ORDERED that the parties shall provide a joint trial schedule no later than March 9, 2026; and it is further

ORDERED that a status conference will be held on March 9, 2026 at 12 pm.

**651527/2022   IDI, ELI vs. SELA, GAL**
**Motion No.  003 004**

**Page 8 of 9**

[* 8]

20260302134042AB0RR0KD607CF49A1BA4732B7BFC0A483C3EA4B

| **3/2/2026** | | | | | |
|---|---|---|---|---|---|
| **DATE** | | | | **ANDREW BORROK, J.S.C.** | |

CHECK ONE: ☐ CASE DISPOSED ☒ NON-FINAL DISPOSITION

☐ GRANTED ☐ DENIED ☒ GRANTED IN PART ☐ OTHER

APPLICATION: ☐ SETTLE ORDER ☐ SUBMIT ORDER

CHECK IF APPROPRIATE: ☐ INCLUDES TRANSFER/REASSIGN ☐ FIDUCIARY APPOINTMENT ☐ REFERENCE

**651527/2022   IDI, ELI vs. SELA, GAL**
**Motion No.  003 004**

**Page 9 of 9**